## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE LEE KEEL, III,<br>    Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-4018 |
| | : | |
| PHILADELPHIA'S HOUSEING<br>AUTHORITY, *et al.,*<br>    Defendants | : | |

### MEMORANDUM

**PRATTER, J.**                                                    OCTOBER $\mathcal{H}$, 2022

Currently before the Court is a *pro se* Complaint filed by Plaintiff Jesse Lee Keel, III, a frequent litigant in this Court,[1] against the Philadelphia Housing Authority ("PHA"), Community Legal Services ("CLS"), and "Septa's Corrupts Arresting Police Officers." (Compl. at 1.)[2]  Mr. Keel has also filed a Motion to Proceed *In Forma Pauperis* and a Motion for a Hearing.  (ECF Nos. 1, 3.)  For the following reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis*, dismiss his Complaint, and deny his Motion for a Hearing.

---

[1] *See Keel v. Philadelphia PA 19106 Police Dep'ts*, No. 21-1845, 2021 WL 2476650, at *1-4 (E.D. Pa. June 17, 2021); *Keel v. Septa's Philadelphia Housing Auth.*, No. 21-1843, 2021 WL 2476649, at *4 (E.D. Pa. June 17, 2021), *aff'd sub nom. Keel v. Septa's Philadelphia Hous. Auth. C.L.S.*, No. 21-2365, 2021 WL 6689143 (3d Cir. Dec. 2, 2021).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

## I.  FACTUAL ALLEGATIONS[3]

Although Mr. Keel's Complaint is somewhat unclear, the Court discerns after a review of the Complaint and exhibits attached to the Complaint that Mr. Keel seeks to raise civil rights claims pursuant to 42 U.S.C. § 1983[4] based on a 2015 arrest that led to his prosecution and conviction, and his subsequent removal from a housing program in 2017 because of his conviction.  The Court understands Mr. Keel to allege that he was wrongfully arrested on July 19, 2015, in connection with "setups on Septa's tram platforms at 63rd and Market Street by F.B.I.s Jessica Chung's criminals," (Compl. at 5), whom he also identifies as the "City's corrupted arresting Police[] Officers." (*Id.* at 4.)  Mr. Keel also appears to be alleging that he was assaulted in connection with the arrest and taken to a hospital in West Philadelphia. (*Id.* at 5.)

Mr. Keel was charged with criminal offenses occurring on July 19, 2015, in two criminal proceedings that were consolidated. *See Commonwealth v. Keel*, Nos. CP-51-CR-0011256-2015 & CP-51-CR-0011257-2015 (C.P. Phila.).  On February 16, 2016, Mr. Keel entered into a negotiated guilty plea agreement and was sentenced to a term of imprisonment. *Keel*, Nos. CP-

---

[3] The following factual allegations are taken from the Complaint, exhibits Mr. Keel attached to the Complaint, and the publicly available dockets for Mr. Keel's underlying criminal proceedings in state court, which the Court may consider in determining whether Mr. Keel's pleading states a claim. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

[4] By checking a box on the form Mr. Keel used to prepare his Complaint, Mr. Keel indicated that in addition to raising claims under § 1983, he seeks to raise claims under *Bivens*, which provides a damages remedy against individual federal actors in limited circumstances. *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017) (the Supreme Court has only recognized a *Bivens* remedy in a handful of contexts and "has plainly counseled against creating new *Bivens* causes of action").  However, Mr. Keel did not name any federal actors as defendants. Accordingly, the Court will limit its discussion to Mr. Keel's § 1983 claims since there is no possible basis for a *Bivens* claim here.

2

51-CR-0011256-2015 & CP-51-CR-0011257-2015.  Mr. Keel's term of probation associated

with his sentence concluded on November 6, 2019.  *Keel*, No. CP-51-CR-0011256-2015.  On

August 6, 2020, the state court granted partial expungement in Mr. Keel's cases.  *Keel*, Nos. CP-

51-CR-0011256-2015 & CP-51-CR-0011257-2015.

Attachments to the Complaint reflect that in 2017, PHA successfully sought to have Mr.

Keel removed from its Housing Choice Voucher Program because of his convictions in the

above criminal cases.  (ECF No. 2-1 at 1-9.)  Mr. Keel was represented by attorneys from CLS

during those administrative proceedings.  (*Id.* at 2.)  During the proceedings, Mr. Keel alleged

that the criminal record in question "does not belong to him and that it is a case of mistaken

identity" because "his name is not Jesse Mr. Keel but its [sic] Jesse Lee Mr. Keel, III."  (*Id.* at 6.)

Mr. Keel appears to be making similar allegations about mistaken identity in his Complaint.

(Compl. at 7-8.)  He seeks $400,000 in damages.[5]  (*Id.* at 5.)

## II.  STANDARD OF REVIEW

The Court grants Mr. Keel leave to proceed *in forma pauperis* because it appears that he

is not capable of prepaying the fees to commence this civil action.  Accordingly, the Court must

dismiss Mr. Keel's Complaint if, among other things, it fails to state a claim.  *See* 28 U.S.C. §

1915(e)(2)(B)(ii).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is

governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which

requires the Court to determine whether the complaint contains "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556

---

[5] After filing his Complaint, Mr. Keel submitted additional papers docketed as exhibits, which
are essentially groups of documents that have no clear relevance to Mr. Keel's initial Complaint
or the allegations in it.  (ECF Nos. 5 & 6.)

U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice. *Id.*

Additionally, the Court may dismiss claims based on an affirmative defense that is obvious from

the face of the complaint. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *see also*

*Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) ("With respect to

affirmative defenses, such as res judicata, dismissal is proper if application of the defense is

apparent on the face of the complaint; [the Court] may also look beyond the complaint to public

records, including judicial proceedings."). Because Mr. Keel is proceeding *pro se*, the Court

construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

As noted above, Mr. Keel's Complaint is best construed as raising constitutional claims

pursuant to § 1983 based on his arrest, prosecution and related conviction, as well as his removal

from a PHA housing program due to his convictions. "To state a claim under § 1983, a plaintiff

must allege the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state

law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  For the following reasons, the Complaint fails to

state a basis for a claim.

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for

other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]"

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also*

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred

(absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).  Although Mr. Keel's convictions were partially expunged, it appears that certain aspects of those convictions remain intact. Accordingly, to the extent Mr. Keel is challenging the legality of convictions that have not been expunged, his claims are not cognizable in a civil rights action.  *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983[.]").

However, Mr. Keel's claims for false arrest, excessive force, malicious prosecution and unlawful conviction, to the extent he challenges convictions that have been expunged from his record, and claims challenging termination from his housing, are not barred by *Heck* because success on these claims would not necessarily imply the invalidity of an intact conviction.  *See Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (explaining that "[plaintiff's] claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). Nevertheless, these claims fail as time-barred.  Pennsylvania's two-year statute of limitations applies to these § 1983 claims.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief."  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).

In general, the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based."  *Sameric Corp. of Del., Inc.*

*v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). This is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Fourth Amendment malicious prosecution and wrongful conviction claims accrue upon favorable termination, because that is when the cause of action is complete. *Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) ("[F]ederal law holds that a malicious-prosecution claim accrues when criminal proceedings end in the plaintiff's favor."); *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) ("[T]he statute of limitations begins to accrue when the termination of criminal proceedings becomes favorable; that is, when 'the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (quoting *Heck*, 512 U.S. at 489)).

Mr. Keel's false arrest and excessive force claims accrued on the date of his arrest because it was on this date that he knew or should have known of the basis for his claims.[6] *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury.");

---

[6] The dockets for Mr. Keel's criminal cases reflect that he was arrested on July 20, 2015, charged in a criminal information on November 10, 2015, and arraigned in November. *See Commonwealth v. Keel*, Nos. CP-51-CR-0011256-2015 & CP-51-CR-0011257-2015 (C.P. Phila.). It is unclear what transpired between July and November 2015. Even using the later date of November 2015 as the date of accrual date for Mr. Keel's claims because that is when he was held pursuant to process, his claims are still time-barred.

6

*see also Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). Any claims based on Mr. Keel's termination from PHA's Housing Voucher Program in 2017 accrued in 2017, when Mr. Keel knew or should have known that he had been terminated from the Program. To the extent Mr. Keel raises malicious prosecution or wrongful conviction claims based on the aspects of his convictions that were expunged, his claims accrued on August 6, 2020, when the expungement occurred. Because Mr. Keel did not file the instant civil action until October 6, 2022, more than two years after his claims had accrued, his claims are time-barred.

As an alternative basis for dismissal, Mr. Keel's time-barred claims are also precluded. "Claim preclusion — which some courts and commentators also call res judicata — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were actually specifically litigated. *Id.* Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*).

As noted above, *supra* n.1, Mr. Keel is a frequent litigant in this Court. Although his filings are often difficult to understand, they tend to be based on the same subject matter. In his most recent cases, filed in 2021, the Court dismissed with prejudice Mr. Keel's false arrest claims based on the same 2015 arrest challenged in the instant civil action. *Keel v. Septa's Phila. Housing Authoritys C.L.S.*, Civ. A. No. 21-1843 (E.D. Pa.) (ECF Nos. 8, 9, 17); *Keel v. Phila. Pa 19106 Police Dep'ts*, Civ. A. No. 21-1845 (E.D. Pa.) (ECF Nos. 9, 10, 16). In a 2019 civil action, Mr. Keel sought to challenge the 2017 termination of his housing voucher, but the Court dismissed his case with prejudice after giving him an opportunity to amend, because he was unable to state a claim. *See Keel v. Philadelphia Hous. Auth.*, No. 19-1931, 2019 WL 2524092, at *2 (E.D. Pa. June 17, 2019) ("The Court concludes that further attempts at amendment would be futile."). Mr. Keel's claims in the instant case, which are based on the same events and name the same defendants, are precluded.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Mr. Keel leave to proceed *in forma pauperis* and dismiss his Complaint. Mr. Keel will not be again given leave to amend because amendment would be futile. Other than any claims that are *Heck*-barred, which will be dismissed without prejudice to Mr. Keel filing a new lawsuit in the event he achieves favorable termination, *Curry*, 835 F.3d at 379, Mr. Keel's claims will be dismissed with prejudice. Mr. Keel's Motion for a Hearing will be denied as moot.

A review of the dockets in Mr. Keel's 2021 cases, and his overall filing history in this Court, reflect that Mr. Keel has filed numerous cases that appear to be based on the same subject matter and that he repeatedly submits disorganized groups of documents to the Court, which often contain sensitive personal information. *See Keel*, No. 21-1845, 2021 WL 2476650, at **1-

4 (E.D. Pa. June 17, 2021) (discussing the 18 cases that Mr. Keel filed in the Eastern District of Pennsylvania from 2011 through June 2021); *Keel*, Civ. A. No. 21-1845 (ECF Nos. 38-45, 48-50); *see also supra* n.5.  Mr. Keel is warned that if he continues to submit similar filings in the future, he could be subjected to an order that limits his ability to file materials in the future. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction . . . .").  An order follows which dismisses this case and shall be docketed separately.

BY THE COURT:

GENE E.K. PRATTER, J.